5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Otis Jeffery GLAZE, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF THE STATE OF OKLAHOMA, Michael Carr,
Respondents-Appellees.
 No. 93-6194.
 United States Court of Appeals, Tenth Circuit.
 Aug. 25, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Otis Jeffery Glaze, a state prisoner, appeals from a judgment denying his 28 U.S.C. 2254 petition for a writ of habeas corpus. Also pending before us is his application for a certificate of probable cause. Because petitioner has made the showing required by Barefoot v. Estelle, 463 U.S. 880 (1983), we grant the certificate of probable cause and proceed to the merits.
 
 
 3
 Petitioner contends that (1)no factual basis existed for his guilty plea, (2)no proof of the prior convictions used to enhance his sentence was offered at the plea hearing, and (3)he received ineffective assistance of counsel because his attorney failed to investigate the validity of those prior convictions. Both the magistrate judge and the district court concluded that petitioner's claims were procedurally defaulted under state law because petitioner had failed to withdraw his guilty plea or appeal as provided under Oklahoma law, and had not satisfied the cause and prejudice test or demonstrated he will suffer a fundamental miscarriage of justice if this court refuses to consider his petition. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 4
 We have reviewed the briefs and the record and are satisfied that the magistrate judge and district court accurately summarized the facts and correctly applied the law. We cannot add significantly to the analysis in the magistrate judge's recommendation of April 28, 1993, and the memorandum opinion and order of the district court of May 11, 1993, and therefore AFFIRM for substantially the reasons stated therein.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3